UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANDREW VAIL,
                        Plaintiff,

-v-

THE CITY OF NEW YORK et al.,
                        Defendants.

18-CV-9169 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, District Judge:

    Plaintiff Andrew Vail alleges that he was denied medical treatment while being incarcerated after informing prison authorities that he had swallowed two AA batteries and various components of a radio. He eventually underwent two endoscopies to remove the foreign objects, which had become lodged in his gastrointestinal tract. Vail brings suit under 28 U.S.C. § 1983 against the social worker who initially denied him treatment, the social worker's supervisor, and two municipal defendants. Defendants have moved to dismiss. For the reasons that follow, the motion is granted in part and denied in part.

**I.    Background**

    The following facts are taken from the operative complaint (Dkt. No. 43 ("Compl.")) and are assumed true for purposes of this motion to dismiss.

    On May 15, 2018, Plaintiff Andrew Vail (proceeding *pro se*) was incarcerated at the Anna M. Kross Center, or AMKC, on Rikers Island. (Compl. ¶¶ 3, 5, 23.) He began experiencing anxiety, depression, and hopelessness. (Compl. ¶ 23.) He requested mental health treatment, but his request was ignored. (*Id.*) On May 17, Vail swallowed two AA batteries and various components of a Sony radio in order to obtain the attention of mental health services. (Compl. ¶ 26.) He was taken to the AMKC mental health clinic, where he was seen by

1

Defendant Lionel Brown, a social worker. (Compl. ¶ 28.) Brown "became brusque, abrupt and borderline hostile" and left to speak to his supervisor, Defendant Beth LaGrange. (Compl. ¶ 30.) Moments later, he returned and sent Vail back to his cell. (Compl. ¶ 31.) Vail alleges that Brown "lied to and omitted information from LaGrange about [Vail's] swallowing objects, or [that] Brown and LaGrange together made the decision to ignore [Vail's] admission of swallowing objects." (Compl. ¶ 31.)

Upon returning to his cell, Plaintiff began coughing up blood and experiencing extreme pain. (Compl. ¶ 33.) On May 20, he was taken to the AMKC clinic. (Compl. ¶ 37.) There, an X-ray revealed that he had foreign objects lodged in his stomach and esophagus. (Compl. ¶ 38.) Vail underwent two endoscopies to remove the objects. (Compl. ¶ 40.)

Vail brings suit against both Brown and LaGrange under 42 U.S.C. § 1983 for deliberate indifference to his medical needs in violation of the Eighth Amendment. (Compl. ¶¶ 49–54.) Vail also asserts several state-law tort claims. (Compl. ¶¶ 44–48, 55–69.) In addition, Vail brings corresponding claims against two municipal entities: the City of New York and New York City Health and Hospitals Corporation. (Compl. ¶¶ 49–69.) Vail seeks compensatory and punitive damages, as well as declaratory relief. (Compl. ¶¶ 70–73.) Defendants have collectively moved to dismiss under Federal Rule of Civil Procedure 12(b)(6).

## II. Legal Standard

To withstand a motion to dismiss under Rule 12(b)(6), a plaintiff must plead sufficient factual allegations "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible if the well-pleaded factual allegations of the complaint, presumed true, permit the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

"[W]hen [a] plaintiff proceeds *pro se*, as in this case, a court is obliged to construe h[er] pleadings liberally, particularly when [she] allege[s] civil rights violations." *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004). But "even pro se plaintiffs asserting civil right claims cannot withstand a motion to dismiss unless their pleadings contain factual allegations sufficient to raise a 'right to relief above the speculative level.'" *Jackson v. NYS Dep't of Labor*, 709 F. Supp. 2d 218, 224 (S.D.N.Y. 2010) (quoting *Twombly*, 550 U.S. at 55).

### III. Discussion

Vail brings § 1983 claims and state-law tort claims against Brown and LaGrange. Vail also brings § 1983 claims against the municipal entities. Defendants have moved to dismiss all claims except the § 1983 claim against Brown. Each set of claims is discussed in turn.

#### A. Section 1983 Claims

Defendants move to dismiss the § 1983 claims against LaGrange and the municipal defendants, leaving only the claims against Brown unchallenged.

##### 1. Defendant LaGrange

Vail's § 1983 claim against LaGrange suffers from a fatal defect — the failure to allege personal involvement. "It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006) (Sotomayor, J.) (quoting *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994)). Accordingly, a complaint must plead facts sufficient to indicate that the defendant "w[as] directly and personally responsible" for the alleged deprivation. *Alfaro Motors, Inc. v. Ward*, 814 F.2d 883, 886 (2d Cir. 1987).

Here, the complaint does not directly plead LaGrange's involvement in the decision to deny medical treatment to Vail. The complaint pleads only that Brown briefly left Vail to "sp[eak] to his supervisor, who upon information and belief [wa]s Defendant Beth LaGrange,"

and that "[m]oments later Brown returned and told [Department of Corrections] staff that [Vail] could return to his cell." (Compl. ¶¶ 30–31.) These factual allegations are inadequate to state a claim against LaGrange because they are "in line with a wide swath of" possibilities that entirely exclude LaGrange from the decision to withhold treatment from Vail. *Twombly*, 550 U.S. at 554. One such possibility is acknowledged by Vail himself: that Brown "omitted information from LaGrange about [Vail's claim of] swallowing objects." (Compl. ¶ 31.) LaGrange's personal involvement in the decision to withhold medical care is therefore inadequately pleaded.

Further, even if this Court credits the allegation that LaGrange learned of Vail's claim of swallowing objects, the complaint would still fall short of establishing LaGrange's personal involvement. A supervisor's "review and denial of a grievance constitutes personal involvement" only if the supervisor either personally "undertak[es] some kind of investigation" or provides a "detailed and specific" response to the grievance's allegations. *Burton v. Lynch*, 664 F. Supp. 2d 349, 360 (S.D.N.Y. 2009) (second quoting *Brooks v. Chappius*, 450 F. Supp. 2d 220, 226 (W.D.N.Y. 2006)). In this case, LaGrange is alleged to have done neither. Accordingly, Vail can show, at most, "only the scantest awareness" by LaGrange of Vail's complaint. *Mateo v. Fischer*, 682 F. Supp. 2d 423, 431 (S.D.N.Y. 2010). That does not suffice to establish LaGrange's personal involvement.

The complaint fails to plead LaGrange's personal involvement in the decision to withhold medical treatment. This defect requires dismissal of the § 1983 claim against LaGrange.

2.  **Municipal Defendants**

Vail's § 1983 claims against the City of New York and New York City Health and Hospitals Corporation fail as well. Under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), a municipality is liable under § 1983 only if the deprivation occurs by reason of "policy or custom," *id.* at 694. A bare allegation of the existence of a policy or custom is insufficient.

4

*See Missel v. Cty. of Monroe*, 351 F. App'x 543, 545 (2d Cir. 2009) (summary order). Rather, a plaintiff must plead "facts suggesting the policy's existence." *Id.*

Vail's complaint does not do so. It alleges the existence of two policies causally connected to the deprivation of Vail's constitutional rights. The first is an "unwritten policy . . . of ignoring [emergency hotline] calls from individuals who utilize the hotline(s) more often than other individuals." (Compl. ¶ 52.) The second is a "fail[ure] to supervise and train . . . employees [to] . . . compl[y] with the practices and procedures designed to afford access to medical [and] mental health services." (Compl. ¶ 53.) The rest of the complaint, however, contains no facts supporting these claims. And a "naked assertion" of the existence of a municipal policy "stops short of . . . plausibility." *Twombly*, 550 U.S. at 557; *see Dwares v. City of New York*, 985 F.2d 94, 101 (2d Cir. 1993) (dismissing claim where plaintiff "did not allege any facts, other than the [officials'] inaction in the instance complained of, to suggest that there existed such a custom or policy of failure to train"). Thus, Vail has failed to state a § 1983 violation under *Monell*.

### B. State-Law Claims

Defendants also move to dismiss all of Vail's state-law claims.

Defendants initially move to dismiss all state-law claims under 28 U.S.C. § 1367(c), which permits a district court to decline supplemental jurisdiction if "the district court has dismissed all claims over which the district court has original jurisdiction." *Id.* § 1367(c)(3). But that provision has no application here because this Court has not dismissed — and Defendants have not moved to dismiss — the § 1983 claim against Brown. *See Tardif v. City of New York*, 344 F. Supp. 3d 579, 593 (S.D.N.Y. 2018) (finding "no sound basis on which to decline to exercise supplemental jurisdiction" where "§ 1983 . . . provide[s] an independent basis for the Court's exercise of its original jurisdiction" and the federal- and state-law claims "arise

5

out of a single 'common nucleus of operative fact'"). Accordingly, the Court denies the request for wholesale dismissal and instead analyzes dismissal on a claim-by-claim basis.

### 1. Intentional and Negligent Infliction of Emotional Distress

Vail brings a claim of intentional infliction of emotional distress against Defendants. Defendants have moved to dismiss only the claims against Brown and LaGrange.

Under New York law, the first element for such a claim is "extreme and outrageous conduct." *Howell v. N.Y. Post Co.*, 612 N.E.2d 699, 702 (N.Y. 1993). The standard for this element is exacting: "[l]iability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Murphy v. Am. Home Prods. Corp.*, 448 N.E.2d 86, 90 (N.Y. 1983) (quoting Restatement (Second) of Torts § 46, cmt. d). Indeed, the threshold for outrageousness is so demanding that, "of the intentional infliction of emotional distress claims considered by the [New York] Court of Appeals, 'every one has failed because the alleged conduct was not sufficiently outrageous.'" *Seltzer v. Bayer*, 709 N.Y.S.2d 21, 23 (App. Div. 1st Dep't 2000) (quoting *Howell*, 612 N.E.2d at 702).

Under this standard, the behavior alleged by Vail is not sufficiently outrageous, atrocious, or intolerable to sustain the cause of action. Cases in which New York courts have sustained claims for intentional infliction of emotional distress "all [have] involved some combination of public humiliation, false accusations of criminal or heinous conduct, verbal abuse or harassment, physical threats, permanent loss of employment, or conduct contrary to public policy." *Stuto v. Fleishman*, 164 F.3d 820, 828 (2d Cir. 1999). Here, however, Vail alleges only that Brown and LaGrange ignored Vail's complaint that he was in need of medical treatment. Such conduct does not state a claim under New York law. *See, e.g.*, *id.* (holding that plaintiff "failed to allege any conduct that [wa]s sufficiently 'extreme and outrageous'" even though "[t]he crux of his

6

complaint [wa]s that [defendants] 'intentionally, recklessly, and/or negligently ignored' dispositive medical evidence [of plaintiff's disability] . . . to coerce him into . . . return[ing] to work"). Thus, Vail's claim for intentional infliction of emotional distress is dismissed.

This defect also requires dismissal of Vail's claim for negligent infliction of emotional distress. Like its intentional counterpart, a claim for negligent infliction of emotional distress also requires that the defendant's conduct be extreme and outrageous. *See Berrios v. Our Lady of Mercy Med. Ctr.*, 799 N.Y.S.2d 452, 454 (App. Div. 1st Dep't 2005). Accordingly, Vail's claim for negligent infliction of emotional distress is dismissed.

### 2. Medical and Social Work Malpractice

Vail brings claims for both medical and social work malpractice against Brown, LaGrange, and New York City Health and Hospital Corporation. Defendants have moved to dismiss the claims against LaGrange.

Generally, a malpractice claim requires an allegation that (1) the defendant deviated from accepted professional practice and that (2) the deviation caused plaintiff's injury. *See Koulkina v. City of New York*, 559 F. Supp. 2d 300, 325 (S.D.N.Y. 2008) (defining medical malpractice); *Richards v. City of New York*, 433 F. Supp. 2d 404, 430 (S.D.N.Y. 2006) (noting that the "skeletal" tort of "social work malpractice" appears to lie if a social worker practices her profession "fraudulently, incompetently, or negligently" (quoting *Dunn v. Catholic Home Bureau for Dependent Children*, 537 N.Y.S.2d 742, 743 (N.Y. Sup. Ct. 1989)). Here, the complaint alleges neither. Again, Vail has failed to plead that LaGrange was involved in the decision to deny medical treatment to Vail. Without that showing, Vail cannot demonstrate either that LaGrange deviated from accepted practice or that the deviation was the cause of Vail's injury. The malpractice claims against LaGrange are therefore dismissed.

7

### 3. Conspiracy

Vail brings a separate cause of action for "conspiracy," alleging that Brown and LaGrange "conspired to . . . deprive [Vail] of access to emergency medical care." (Compl. ¶ 63.) This cause of action fails under New York law, which does not recognize a "substantive tort of conspiracy." *SRW Assoc. v. Bellport Beach Prop. Owners*, 517 N.Y.S.2d 741, 744 (App. Div. 2d Dep't 1987). The cause of action for conspiracy is dismissed.[1]

### 4. Negligence

Vail finally brings a garden-variety negligence claim against the Defendants. Once again, Defendants have moved to dismiss the claim against LaGrange. And once again, the claim is dismissed. Without an allegation that LaGrange was somehow involved in the decision to deny medical treatment, Vail cannot show either that LaGrange owed a duty of care or that LaGrange caused Vail's injuries. *See Lloyd v. City of New York*, 246 F. Supp. 3d 704, 731 (S.D.N.Y. 2017). The negligence claim against LaGrange is dismissed.

\* \* \*

To sum up: The § 1983 claims against LaGrange and the municipal defendants are dismissed, leaving intact the § 1983 claim against Brown. The state-law claims are dismissed in part, leaving intact the intentional and negligent infliction of emotional distress claims against the municipal defendants, the malpractice claims against New York City Health and Hospital Corporation, and the negligence claims against Brown and the municipal defendants.

---

[1] Nor has Vail properly pleaded the existence of a civil conspiracy. Vail's allegations against Brown and LaGrange are "consistent with conspiracy, but just as much in line with . . . unilateral[]" action by Brown. *Twombly*, 550 U.S. at 554.

## IV. Conclusion

For the foregoing reasons, Defendant's motion to dismiss is GRANTED in part and DENIED in part. Defendants shall file an answer to the remaining claims on or before January 30, 2020.

The Clerk of Court is directed to close the motion at Docket Number 48.

SO ORDERED.

Dated: January 10, 2020
New York, New York

_____
J. PAUL OETKEN
United States District Judge

*COPY MAILED TO PRO SE PARTY BY CHAMBERS*