UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANDREW W. VAIL,
                      Plaintiff,

-v-

THE CITY OF NEW YORK, et al.,
                      Defendant.

18-CV-9169 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, District Judge:

    Andrew W. Vail brings suit against the City of New York, New York City Health and Hospitals Corporation, and Lionel Brown (together, "Defendants"), alleging violations of his civil rights under 42 U.S.C. § 1983 and asserting various state-law tort claims. Defendants have moved to dismiss the case for failure to prosecute. For the reasons that follow, the motion is granted.

**I.    Procedural Background**

    Plaintiff Andrew W. Vail (proceeding *pro se*) brought this suit on October 12, 2018, alleging that he was denied medical treatment while incarcerated. (*See* Dkt. No. 1.) He has since amended his complaint three times. (*See* Dkt. Nos. 9, 17, and 43.) On June 13, 2019, Defendants filed a motion to dismiss the operative complaint, which the Court granted in part and denied in part. (Dkt. Nos. 48, 62.) The Court then directed Defendants to file an answer to the remaining claims (*see* Dkt. No. 62 at 9), which they did on January 30, 2020 (Dkt. Nos. 63-65).

    On February 13, 2020, the case was referred to Magistrate Judge Robert W. Lehrburger for general pretrial purposes. (Dkt. No. 66.) Judge Lehrburger ordered the parties to appear for an initial pretrial conference on June 22, 2020. (Dkt. No. 69.) Despite being served with a copy

of the order, Vail failed to meet and confer with Defendants to submit a joint case management plan before the conference, and then failed to appear for the conference itself. (Dkt. No. 73.)

Judge Lehrburger then ordered Vail to file a letter, by July 20, 2020, "explaining why he did not comply with the Court's Order"; if he did not respond by that date, Judge Lehrburger invited Defendants to file a motion to dismiss for failure to prosecute. (*Id.*) To date, Vail has not responded. His last communication with the Court was on September 24, 2019, more than a year and a half ago. (Dkt. No. 61.)

On September 11, 2020, Defendants filed a motion to dismiss for failure to prosecute under Federal Rule of Civil Procedure 41(b). (Dkt. No. 75.)

## II. Legal Standard

"A plaintiff has a general obligation to prosecute his case diligently." *Watkins v. Matarazzo*, No. 13-CV-2477, 2015 WL 13745762, at *6 (S.D.N.Y. Sept. 22, 2015). If a plaintiff falls short of this obligation, a court may dismiss the action for failure to prosecute under Rule 41(b). *Id.*; *see also West v. City of New York*, 130 F.R.D. 522, 526 (S.D.N.Y. 1990) ("A plaintiff's lack of diligence alone is enough for dismissal.").

In considering a Rule 41(b) dismissal, a district court must weigh five factors: "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (internal citation omitted). No single factor is dispositive. *Id.* A district court "is not required to address each of these factors in its written decision," but it "at a minimum must provide a reason for the dismissal." *Watkins*, 2015 WL 13745762, at *6.

When it comes to dismissal under Rule 41(b), *pro se* plaintiffs "should be granted special leniency." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001). A district court ought to dismiss a pro se litigant's complaint "only when the circumstances are sufficiently extreme." *Id.* (internal citation omitted).

**III. Discussion**

All five *Baptiste* factors weigh in favor of dismissal, and the circumstances are "sufficiently extreme" to justify dismissing a *pro se* plaintiff's complaint. *See id.* (internal citation omitted).

First, Vail has not communicated with the Court in more than a year and a half, and "[i]t is clear from the case law that where a plaintiff has failed to take any specific and concrete action over a length of time, his complaint may be dismissed for failure to prosecute." *West*, 130 F.R.D. at 525. Judge Lehrburger ordered Vail to appear for an initial pretrial conference on June 22, 2020, and when Vail did not appear, Judge Lehrburger ordered him to explain his absence by July 20, 2020. (Dkt. Nos. 69, 73.) Almost a year later, Vail has yet to file any response or to communicate in any other way with the Court or with Defendants. (*See* Dkt. No. 77 at 7.) This delay is significant enough to weigh in favor of dismissal. *See, e.g.*, *Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664 (2d Cir. 1980) (affirming dismissal under Rule 41(b) where plaintiff failed to prosecute for six months); *Peters-Turnbull v. Board of Educ. Of City of New York*, No. 96-CV-4914, 1999 WL 959375, at *2-3 (Oct. 20, 1999) (noting that a delay of between five and ten months fell "comfortably within the time frames found sufficient in successful Rule 41(b) motions to dismiss"); *Folk v. Rademacher*, No. 00-CV-199S, 2005 WL 2205816, at *3 (W.D.N.Y. Sept. 9, 2005) (holding that a delay of "almost one year" weighed in favor of dismissal).

Second, Vail was on notice that failure to comply with the Court's orders would result in dismissal. When Vail did not appear for the initial pretrial conference in June 2020, Judge Lehrburger directed him to file a letter explaining "why he did not comply with the Court's Order" and put him on notice that "[i]f the Court [did] not receive a response from [him] by July 20, 2020, Defendants may file a motion to dismiss for failure to prosecute." (Dkt. No. 73.) In addition, Vail received written notice that he must notify the Court of any change in address, and that the Court "may dismiss the action if Plaintiff fails to do so." (Dkt. No. 6 at 3.) Yet the address Vail provided to the Court on August 28, 2019, does not appear to be current: in a separate matter involving Vail, an order sent to that address was returned as "Not Deliverable." (Dkt. No. 58; Dkt. No. 77 at 6.) Thus, the second factor weighs in favor of dismissal.

Third, Defendants are likely to be prejudiced by further delay. "Prejudice may be presumed as a matter of law in certain cases, but the issue turns on the degree to which the delay was lengthy and inexcusable." *U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 256 (2d Cir. 2004). The nearly one-year delay makes the presumption valid here, and Vail has done nothing to rebut it. Moreover, the individual defendant, Lionel Brown, "stand[s] accused of serious constitutional violations." *George v. City of New York*, No. 12-CV-6365, 2013 WL 5943206, at *4 (S.D.N.Y. Nov. 6, 2013). He and the public "are entitled to have the cloud over [his] name[] resolved one way or another." *Id.* But if Vail remains unresponsive, Brown is "unlikely to ever be able to defend against these claims and clear his name." *Watkins*, 2015 WL 13745762, at *9. This factor therefore weighs in favor of dismissal.

"The fourth factor requires the district court to consider the balance between eliminating calendar congestion and the plaintiff's right to have his day in court." *Applewhite v. Sheahan*, No. 08-CV-6045, 2013 WL 3423757, at *2 (W.D.N.Y. July 8, 2013). The right of a plaintiff to

4

have his day in court "is qualified by the obligation to comply with lawful Court orders," as "[n]oncompliance undermines the ability of the Court to manage its docket and dispense justice to all litigants in an expeditious manner." *George*, 2013 WL 5943206, at *4. Here, Vail's "own failure to litigate this action is not a denial of due process." *Applewhite*, 2013 WL 3423757, at *3; *see also Dodson v. Runyon*, 957 F. Supp. 465, 470 (S.D.N.Y. 1997) ("[A]ny claim that plaintiff's due process rights were violated … cannot prevail because the delay and resultant dismissal of plaintiff's case are of his own making."). Accordingly, this factor also weighs in favor of dismissal.

Finally, the Second Circuit has advised district courts "to consider carefully the potential effectiveness of lesser sanctions before granting dismissal for failure to prosecute." *Watkins*, 2015 WL 13745762, at *9. Dismissal is appropriate, however, "where the District Court ha[s] no reason to believe that lesser sanctions would be effective." *Id.* (internal quotation marks and citation omitted). Such is the case here. Given that Vail has not communicated with the Court or with Defendants for more than a year and a half — and that he has ignored Judge Lehrburger's most recent order for almost a year — it is unlikely that a lesser sanction would spur Vail to prosecute the case. The fifth factor thus weighs in favor of dismissal.

The Court therefore concludes that dismissal is appropriate.

## IV. Conclusion

For the foregoing reasons, Defendants' motion to dismiss is GRANTED.

The Clerk of Court is directed to close the motion at Docket Number 75, and to close this case.

The Clerk of Court is also directed to mail a copy of this opinion and order to Plaintiff.

SO ORDERED.

Dated: May 20, 2021
New York, New York

_____
J. PAUL OETKEN
United States District Judge